UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VITA BELLA HOMEOWNERS ASSOCIATION, <br><br> Plaintiff(s), <br><br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., <br><br> Defendant(s). | Case No. 2:15-CV-515 JCM (VCF) <br><br> ORDER |

Presently before this court is Federal National Mortgage Association ("Fannie Mae") and Federal Housing Finance Agency's ("FHFA") motion for summary judgment (ECF No. 45). Plaintiff Vita Bella Homeowners Association (the "HOA") has failed to file a timely response to that motion and has not demonstrated any reason why this lapse should be excused. *See* LR 7-2(b); *see also* (ECF Nos. 46, 47). Accordingly, the HOA's response to the instant motion will be stricken. (ECF No. 47).

**I.   Introduction**

On March 20, 2015, Fannie Mae filed a timely petition for removal in this court. (ECF No. 1). The underlying complaint asserted "claims" of quiet title and declaratory relief against, *inter alia*, Fannie Mae in relation to the HOA's public auction of the real property at 5 Corte Belleza, Henderson, Nevada on September 16, 2013, and Fannie Mae's September 4, 2014, foreclosure sale on the same property. (ECF No. 1-2).

On May 8, 2015, Magistrate Judge Ferenbach granted FHFA's motion to intervene as conservator of Fannie Mae. (ECF No. 14). On May 15, 2015, FHFA submitted an answer to the complaint and asserted counterclaims for declaratory relief and quiet title against the HOA. (ECF No. 16).

**James C. Mahan**
**U.S. District Judge**

A failure to respond to a motion for summary judgment is not a sufficient condition for that motion's success.  *See* LR 7-2(d); *see also Heinemann v. Satterberg*, 731 F.3d 914, 917–18 (9th Cir. 2013).  A district court may grant an unopposed motion for summary judgment only if the movant's filings satisfy the summary judgment standard.  *See White v. Aramark*, No. 14-55405, 2016 WL 6583620, at *1 (9th Cir. Nov. 7, 2016) (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993)).  The court proceeds accordingly.

## II.     Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial."  *Id.*

In determining summary judgment, the court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).  Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."  *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

**James C. Mahan**
**U.S. District Judge**

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III.   Discussion

In the instant motion, FHFA argues that § 4617(j)(3) of the Housing and Economic Recovery Act of 2008 ("HERA") preempts state law and bars the foreclosure of the underlying property without FHFA's consent. (ECF No. 45); *see also* 12 U.S.C. § 4617(j)(3). Thus, Fannie Mae and FHFA posit that they are entitled to summary judgment because the foreclosure sale could not disrupt Fannie Mae's property interest. (ECF No. 45).

Under Nevada Revised Statute ("NRS") 116.3116, a homeowner's association ("HOA") has a lien on a property for assessments levied against that property and such liens are prior to all other liens and encumbrances, subject to exceptions. Nev. Rev. Stat. 116.3116(1)–(2). In *SFR Investments Pool 1*, the Nevada Supreme Court found that a HOA's foreclosure of a super-priority lien extinguishes a first recorded security interest. 334 P.3d 408, 409 (Nev. 2014).

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511, *et seq.* In September 2008, FHFA placed Fannie Mae into conservatorship "for the purpose of reorganizing, rehabilitating, or winding up [its] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145, 1148 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D.

Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 "to the extent that a [homeowner association's] foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship").

Here, Fannie Mae owned a mortgage loan secured by the underlying property from June 1, 2008, until the property was purchased at auction by Fannie Mae on September 4, 2014. (ECF Nos. 45, 45-1, 45-3). Additionally, Fannie Mae entered conservatorship through HERA on September 6, 2008. (ECF No. 45). This date clearly precedes the HOA's foreclosure auction. (ECF No. 1).

Additionally, FHFA offers evidence that it did not consent to any extinguishment of Fannie Mae's property interest. *See* (ECF No. 45-3) (clarifying FHFA's stance on HOA super-priority lien foreclosures); *see also Opportunity Homes, LLC v. Fed. Home Loan Mortg. Corp.*, 169 F. Supp. 3d 1073, 1078 (D. Nev. 2016) (finding that an identical FHFA statement indicated its lack of consent to foreclosure as well as the likely nonexistence of evidence to the contrary). In light of the evidence on the record and the plain language of § 4617(j)(3), plaintiff's foreclosure sale does not extinguish Fannie Mae's interest in the underlying property.[1]

**IV. Conclusion**

In light of both federal law and the evidence on the record, Fannie Mae's interest in the property was not extinguished by plaintiff's foreclosure sale.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that FHFA and Fannie Mae's motion for summary judgment, (ECF No. 45), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's response to the instant motion (ECF No. 47) be, and the same hereby is, STRICKEN.

DATED March 9, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Because this analysis is dispositive of the present issue, this court declines to apply the Ninth Circuit's binding precedent in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016).

**James C. Mahan**
**U.S. District Judge**